In the Matter of the Rehabilitation of UNION GUARANTEE AND MORTGAGE COMPANY.

Supreme Court, Additional Special Term, New York County, February 17, 1936.

*Harry Rodwin,* for the Superintendent of Insurance.

*Benjamin J. Rabin,* for the State Mortgage Commission.

*Cabell, Ignatius, Lown & Blinken* [*M. B. Ignatius* of counsel], for the reorganization committee.

FRANKENTHALER, J. This is an application by a reorganization committtee chosen by the holders of approximately seventy per cent of the mortgages and mortgage certificates guaranteed by Union Guarantee and Mortgage Company, now in rehabilitation, for the reorganization of that company in accordance with a plan prepared by the committee, or such other plan as the court may finally approve. The petitioners ask leave to intervene in the rehabilitation proceedings for the purpose of submitting the plan to the court and having the latter take jurisdiction over the proposed reorganization.

It appears from the petition that the total amount of mortgages and mortgage certificates guaranteed by the company is approximately $9,906,398.47, and that the petitioners have obtained consents to the proposed reorganization plan from holders of mortgages and certificates aggregating more than $6,366,998.77. The committee asks the court to hold hearings on the plan or appoint a referee for that purpose. Counsel for the Superintendent of Insurance, although not in favor of the specific plan proposed, stated at the hearing that " We think the principle involved is essentially a good one and therefore join with the request of this committee and respectfully suggest the best way to handle it is the way this Court has outlined in the *Lawyers Mortgage* case, the appointment of a referee, and the holding of hearings upon this plan or any other plans that may be submitted, including any proposed amendment, on notice to all creditors." Counsel for the Mortgage

Commission stated that "We are willing to follow the lead of the Superintendent of Insurance and give him every cooperation in the working out of any plan that will help reorganize this company, provided, as I said before, the interests of the certificate holders are protected. We reserve, however, the right at the time of the hearing on this plan to present the views of the certificate holders we represent, to discuss the fairness of the plan, to determine whether it is equitable, and to present our views to a referee that may be appointed, or to this Court."

No one has expressed any opposition to the application. As there seems to be unanimity of opinion as to the desirability of the reorganization, if it can be effected upon a basis fair to certificate holders and other creditors, the motion will be granted and a referee appointed for the purpose of conducting hearings upon the plan proposed by the committee and such modifications or other plans as may be submitted for the consideration of the creditors, stockholders and those otherwise interested. Printing and mailing expenses, as well as the expenses of the reference, are to be paid out of the assets in the hands of the rehabilitator, on condition that the printing and mailing be performed under the rehabilitator's own direction.

Settle order on three days' notice.